| | |
|---|---|
| ROBERT THOMAS MOON, ) | |
| Petitioner ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-40] Robert Thomas Moon's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-36]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, the Government's Motion to Dismiss is ALLOWED, and Moon's Motion to Vacate is DENIED in part and DISMISSED in part.

## I. Factual and Procedural Background

On December 15, 2004, Moon was charged in a single-count indictment. *See* Indictment [DE-1]. Then, on March 17, 2005, Moon was charged in a single-count superseding indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924. *See* Superseding Indictment [DE-9].

At Moon's arraignment, held on June 13, 2005, he pled guilty to the Superseding Indictment without a plea agreement. Moon's sentencing was held on October 18, 2005, and he was sentenced as an armed career criminal[1], based on prior convictions for attempted burglary,

---

[1] Under the Armed Career Criminal Act, a defendant "who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another," triggers an increased statutory minimum and maximum. 18 U.S.C. § 924(e)(1).

three counts of breaking and/or entering, and second degree burglary. *See* PSR at 13, ¶ 15. Moon was sentenced to 210 months' imprisonment, five years of supervised release, and a fine of $10,682.00. *See* Judgment [DE-28]. Moon did not file a direct appeal.

On June 7, 2016, Moon filed the instant *pro se* § 2255 motion [DE-36]. In his motion, Moon raises the following grounds for relief: (1) *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidates the use of his convictions for breaking and entering as Armed Career Criminal Act ("ACCA") predicates; (2) several of his breaking or entering convictions were consolidated for sentencing and should not be counted separately; and (3) his attorney provided ineffective assistance of counsel by failing to file a direct appeal after being instructed to do so. On July 18, 2016, the Government filed a Motion to Dismiss [DE-40], arguing that dismissal is warranted under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Legal Standards

### A. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action when the court lacks subject matter jurisdiction. When determining whether jurisdiction exists, the district court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

### B. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

2

Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

**A. Moon has failed to state a claim for relief in his first claim.**

In his first claim, Moon argues that following the Supreme Court's decision in *Johnson*, he no longer qualifies as an armed career criminal. Mot. Vacate [DE-36] at 4; Mot. Vacate Mem. [DE-36-1] at 5-10.

On June 26, 2015, in *Johnson*, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii)

3

violates due process. 135 S. Ct. at 2551. The residual clause provided that an offense was a violent felony for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court in *Johnson* held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), which held that *Johnson* applies retroactively to cases on collateral review. 136 S. Ct. 1268.

Moon's *Johnson* claim must fail because the Supreme Court did not strike the four enumerated offenses found in 18 U.S.C. § 924(e)(2)(B)(ii). *Johnson*, 135 S. Ct. at 2563; *Craig v. United States*, Nos. 3:15-CV-344-FDW, 3:07-CR-44-FDW-1, 2016 WL 183495, at *2 (W.D.N.C. Jan. 14, 2016). As is relevant to this case, burglary is an enumerated offense. *See* 18 U.S.C. § 924(e)(2)(B)(ii). The Fourth Circuit Court of Appeals has held that the North Carolina offense of breaking and entering qualifies as a burglary under § 924(e). *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014).

As his Presentence Report reflects, Moon has several North Carolina convictions for breaking and entering that occurred on occasions different from one another and were punishable by more than a year of imprisonment. *See* PSR at 5-6, ¶¶ 14, 15, 18. Because *Johnson* does not impact whether Moon's breaking and entering convictions qualify as violent felonies for purposes of § 924(e), his first claim must fail.

Moon acknowledges that in *Mungro* the Fourth Circuit concluded that the North Carolina burglary statute may be a violent felony because it is an enumerated offense, but he claims that his case is distinguishable. Mot. Vacate Mem. [DE-36-1] at 8. Specifically, Moon contends that

4

*Mungro* cannot serve as controlling precedent in his case because *Mungro* addressed only whether the disjunctive "or" used in North Carolina's "breaking or entering" statute creates a broader form of burglary than the generic version. *Id.* Moon argues that his claim centers on the word "building" within the North Carolina statute, and he claims this was not addressed in *Mungro*. *Id.*

The issue Moon has raised was fully briefed in *United States v. Thompson*, 615 F. App'x 160 (4th Cir. 2015). In that case, the defendant-appellant argued in pertinent part as follows:

> This appeal turns on the same principle of law applied by this Court in *United States v. Henriquez*, 757 F.3d 144 (4th Cir. 2014). There the Court held that a state offense does not qualify as "generic burglary" under the Supreme Court's decisions in *Taylor v. United States*, 495 U.S. 575, 599 (1990), and *Shepard v. United States*, 544 U.S. 13, 30 (2005), if there is a "realistic probability" that state courts would apply the provision to reach the burglary of a motion vehicle or boat. 757 F.3d at 149. Here, North Carolina's breaking-or-entering offense is defined broadly to include the breaking or entry into any "structure designed to house or secure within it any activity or property." N.C. Gen. Stat. § 14-54(c). And, as in *Henriquez*, the state courts have applied the statute to cover mobile structures, including detached mobile homes and portable travel trailers. Accordingly, as in *Henriquez*, this Court should hold that the statute does not qualify as "generic burglary."

*United States v. Thompson*, 2015 WL 1623001, at *1 (Brief of Appellant, filed April 13, 2015). The Fourth Circuit held that "[b]ecause the issue of whether North Carolina's breaking or entering offense is broader than generic burglary was contested and decided in *Mungro*, we conclude that Thompson's claim is foreclosed by *Mungro*." *Thompson*, 615 F. App'x at 161; *see also United States v. Bolden*, 645 F. App'x 282, 283 (4th Cir. 2016) (holding that because the defendant's prior conviction for breaking and entering under North Carolina law constitutes burglary, it is unaffected by *Johnson*).

The Supreme Court's holding in *Taylor v. United States*, 495 U.S. 575 (1990), also

5

undercuts Moon's argument. In *Taylor*, the Supreme Court stated that "the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." 495 U.S. at 598. The "building or other structure" in *Taylor's* definition of generic burglary is consistent with the definition of "building" found in N.C. Gen. Stat. § 14-54(c), which includes "any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property."

As indicated in *Thompson* and *Bolden*, *Mungro* precludes Moon's argument that his convictions for breaking or entering, in violation of N.C. Gen. Stat. § 14-54, are no longer valid predicates for the ACCA enhancement. Consequently, Moon's first claim will be dismissed.

**B. Moon's second and third claims are time-barred.**

Moon argues in his second claim that several of his breaking or entering convictions were consolidated for sentencing and should not be counted separately. Mot. Vacate [DE-36] at 4; Mot. Vacate Mem. [DE-36-1] at 10-11. In his third claim, Moon alleges that his attorney provided ineffective assistance of counsel by failing to file a direct appeal after being instructed to do so. Mot. Vacate [DE-36] at 5.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a § 2255 motion within one year of the latest of four triggering events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

6

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### 1. Moon's second and third claims are untimely under subsection (f)(1).

In this case, judgment was entered on October 25, 2005, and became final fourteen days later, on November 8, 2005, when the time for filing a notice of appeal expired. *See* Fed. R. App. P. 4(b)(1)(A). Moon then had one year, until November 8, 2006, to timely file a § 2255 motion. Moon's § 2255 motion is deemed filed on June 1, 2016,[2] long after the statute of limitations expired. Thus, Moon's second and third claims are untimely under § 2255(f)(1).

### 2. Moon's third claim is untimely under subsection (f)(3).

Moon argues that his claims are timely because his § 2255 motion was filed within one year after June 26, 2015, the date the Supreme Court issued its decision in *Johnson*. Mot. Vacate [DE-36] at 5; Mot. Vacate Mem. [DE-36-1] at 4. Moon is correct that § 2255(f)(3) allows a one-year period from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). However, timeliness is to be assessed on a case-by-case basis. *See Zack v. Tucker*, 704 F.3d 917, 921-22 (11th Cir. 2013) (holding that the statute of limitations in the AEDPA applies on a claim-by-claim basis); *Whitener v. United States*, No. 3:14-cv-600-MOC, 3:90-cr-85-MOC-3, 2016 WL 2932833, at *5

---

[2] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing Section 2255 Proceedings. Moon dated his § 2255 motion as June 1, 2016. Mot. Vacate [DE-36-3] at 1.

7

(W.D.N.C. May 19, 2016) (noting that timeliness of claims in a collateral attack must be made on the basis of the individual claims).

In this case, Moon's *Johnson* claim, his first claim, is timely under § 2255(f)(3), but the claim is without merit, as addressed above. Moon's third claim, his claim that his attorney provided ineffective assistance of counsel by failing to file a direct appeal after being instructed to do so, is not rendered timely by § 2255(f)(3). As the Eleventh Circuit Court of stated, there is "no reason why a habeas petitioner who allows his judgment to become final should be permitted, by the happenstance of an intervening decision or the discovery of new evidence, to reopen claims that could have been raised earlier but did not." *Zack*, 704 F.3d at 926. The same rationale applies to this case. If Moon had exercised reasonable diligence, he would have discovered many years ago that no direct appeal was filed. *See* Mot. Vacate [DE-36] at 5 (Moon notes being "resigned to his fate . . . until having the instant opportunity to raise a timely § 2255 in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015)."). Accordingly, Moon's third claim is untimely under § 2255(f)(3).

### 3. Moon's second claim is untimely under subsection (f)(4).

Moon also argues that in light of *Johnson*, his second claim is timely under § 2255(f)(4). Mot. Vacate Mem. [DE-36-1] at 4. Pursuant to § 2255(f)(4), a motion is timely within one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). The discovery of a new legal theory, such as *Johnson*, is not a newly discovered "fact" for purposes of § 2255(f)(4). *See Barreto-Barreto v. United States*, 551 F. 3d 95, 99 n.4 (1st Cir. 2008) ("[T]he discovery of a new legal theory does not constitute a discoverable 'fact' for the purposes of § 2255(f)(4).").

8

Moreover there has been no action in this case to invalidate or vacate Moon's predicate state convictions. *See Johnson v. United States*, 544 U.S. 295 (2005) (holding that successful vacatur of a prisoner's prior state conviction is a "fact" under § 2255(f)(4));*United States v. Gadsen*, 332 F.3d 224 (4th Cir. 2003) (applying the one-year limitation period under § 2255(f)(4) and holding that invalidation of a prisoner's prior conviction served as "facts supporting the claim").

In this case, Moon's convictions remain intact, and the Supreme Court has merely rendered a new legal interpretation of what constitutes a crime of violence under the ACCA. Consequently, Moon's second claim is not timely under § 2255(f)(4).

### 4. Moon is not entitled to equitable tolling.

Equitable tolling is available only in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). In particular, it is only appropriate where a movant shows (1) he diligently pursued his rights, and (2) some extraordinary circumstance prevented the timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (providing an otherwise time-barred movant must show (a) extraordinary circumstances, (b) beyond his control or external to his own conduct, (c) that prevented him from making a timely filing).

In this case, the court cannot discern any basis for equitable tolling. *See, e.g., Lawrence v. Florida,* 549 U.S. 327, 336-37 (2007) (attorney miscalculation of deadline is not sufficient to warrant equitable tolling); *Rouse,* 339 F.3d at 248-50 (same); *Sosa,* 364 F.3d at 512 (ignorance of the law is not a basis for equitable tolling in the case of an unrepresented prisoner); *Turner v.*

*Johnson,* 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the law due to illiteracy or *pro se* status does not toll the limitations period). In sum, because Moon is unable to demonstrate both due diligence and "extraordinary circumstances," he is not entitled to equitable tolling of the AEDPA's one-year limitation period.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-40] is ALLOWED, and Moon's Motion to Vacate [DE-36] is DENIED in part and DISMISSED in part.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, a petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 18 day of October, 2016.

James C. Fox
JAMES C. FOX
Senior United States District Judge